IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| DENARIO BUSH, | ) |
| Plaintiff, | ) |
| v. | ) No. 04-2273 Ma/V |
| CITY OF MEMPHIS, THE CITY OF MEMPHIS POLICE DIVISION, OFFICER JEFFREY TURNER, OFFICER B. BEASLEY, OFFICER RICHARD MELTON, and OFFICER PAUL BISHOP, Individually and in their Representative Capacities as City of Memphis Police Division Officers, | ) |
| Defendants. | ) |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT PAUL BISHOP'S MOTION TO DISMISS

Before the court is Defendant Officer Paul Bishop's motion to dismiss, filed November 10, 2004. Plaintiff Denario Bush responded on March 2, 2005. For the following reasons, the court GRANTS in part and DENIES in part the motion to dismiss.

I. Background

The following facts are taken from the complaint. On April 20, 2003, Plaintiff Bush was chased by Defendants Turner and Beasley, police officers for the city of Memphis, on suspicion of auto theft. Turner and Beasley caught Bush and brutally beat him about his body, neck, face, and head, rendering Bush helpless. At some time, they were joined by Defendants Melton and Bishop, and the four officers beat Bush a second time. (Compl. ¶ 5.) Civilian

bystanders could hear the four officers trying to maim Bush and break his limbs. (Id. ¶ 6.)

Bush was subsequently arrested, but the charges were later dismissed. (Id. ¶ 7.) The defendants attempted to cover up the cause of Bush's injuries, officially reporting that they were caused when he exited his vehicle. (Id. ¶ 8.) The defendants further reported that Bush must have been using illegal drugs, although no drugs were found in his body. (Id. ¶ 9.)

## II. Jurisdiction

Bush brings claims under 42 U.S.C. § 1983 for violation of the Fourth and Eighth Amendments to the United States Constitution. Thus, the court has subject matter jurisdiction under 28 U.S.C. § 1331. The court has jurisdiction over pendant state claims under 28 U.S.C. § 1367(a), and venue is proper in this district under 28 U.S.C. § 1391(a).

## III. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a plaintiff's complaint "for failure to state a claim upon which relief can be granted." When considering a 12(b)(6) motion to dismiss, a court must treat all of the well-pleaded allegations of the complaint as true, Saylor v. Parker Seal Co., 975 F.2d 252, 254 (6th Cir. 1992), and must construe all of the allegations in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (abrogated on other grounds). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King &

2

Spalding, 467 U.S. 69, 73 (1984).

**IV. Analysis**

The motion to dismiss asserts that Bush has failed to state a claim upon which relief can be granted, that he has not stated a cause of action under the Eighth Amendment, and that he has failed to state a claim under the Tennessee Human Rights Act. Although Bishop does not make the argument in his support memorandum, other defendants have raised the defense of qualified immunity as to the officers' actions. Thus, the court will also consider the issue of qualified immunity in deciding the motion to dismiss.

Bush's complaint names Bishop as an individual and in his official capacity as a police officer of the City of Memphis. As a preliminary matter, the court dismisses Bush's suit against Bishop in his official capacity. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n. 55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 165-166 (1985). Bishop is employed by the City of Memphis. Because Bush's suit names the City as a Defendant, naming Bishop as a defendant in his official capacity is redundant. Bush's suit against Bishop in his official capacity is dismissed.

**A. Eighth Amendment and Tennessee Human Rights Act**

Bush concedes that his claim is properly based on the Fourth

Amendment's prohibition of excessive force and admits that he has no independent cause of action under the Eighth Amendment or the Tennessee Human Rights Act. (Response at 2-3.) Accordingly, the court will dismiss those claims against Bishop.

### B. Fourth Amendment

Bush claims that the defendants used excessive force to apprehend him, in violation of the Fourth Amendment. "Qualified immunity operates 'to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful.'" Hope v. Pelzer, 536 U.S. 730, 739 (2002) (quoting Saucier v. Katz, 533 U.S. 194, 206 (2001)). "The threshold inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation." Id. at 736. If the court finds a constitutional violation, it must then consider whether the defendant's actions violated "'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Id. (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Competent public officials are expected to know the law governing their conduct, including binding precedent from the courts in the jurisdiction in which they operate. See Williams v. Kentucky, 24 F.3d 1526, 1532-33 (6th Cir. 1994).

Assaulting a suspect after he has been rendered helpless, as the complaint alleges, violates clearly established constitutional rights. See Graham v. Connor, 490 U.S. 386, 392-93, 396-97 (1989). Reading the facts in the light most favorable to Bush, there is no doubt that Bishop's conduct was objectively unreasonable and violated Bush's clearly established rights. For that reason, Bush

4

has stated a claim against Bishop for a Fourth Amendment violation.

## V. Conclusion

For the foregoing reasons, Bishop's motion to dismiss is GRANTED on Bush's claims under the Eighth Amendment, the Tennessee Human Rights Act, and all claims against Bishop in his official capacity as a police officer for the City of Memphis. The motion to dismiss Bush's Fourth Amendment claim against Bishop in his individual capacity is DENIED.

So ORDERED this 20th day of May 2005.

SAMUEL H. MAYS, JR
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 37 in case 2:04-CV-02273 was distributed by fax, mail, or direct printing on May 23, 2005 to the parties listed.

---

Henry L. Klein
CITY ATTORNEYS OFFICE
125 N. Main Street
Rm. 314
Memphis, TN 38103

Lee J. Bloomfield
GODWIN MORRIS LAURENZI & BLOOMFIELD, P.C.
50 N. Front St.
Ste. 800
Memphis, TN 38103

Walter L. Bailey
WALTER BAILEY & ASSOCIATES
100 North Main St.
Ste. 3002
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT